1 | Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2 | William M. Pao (SBN 219846)
   william@setarehlaw.com
3 | SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
4 | Beverly Hills, California 90212
   Telephone (310) 888-7771
5 | Facsimile (310) 888-0109

6 | Attorneys for Plaintiff
   BRITTANY WYNN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRITTANY WYNN, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation; and DOES 1 through 50, inclusive,<br><br>    *Defendants*. | Case No. 5:23-cv-06044-BLF<br><br>Assigned For All Purposes to the Hon. Beth Labson Freeman, Courtroom 3<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Pay Sick Time (Lab. Code §§ 246 *et seq.*)<br>2. Failure to Indemnify (Lab. Code § 2802);<br>3. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff BRITTANY WYNN ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant UNITED PARCEL SERVICE, INC. ("UPS"), an Ohio corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that Defendants have:

   (1)   failed to provide them with sick time as mandated under California law;

   (2)   failed to reimburse them for all necessary business expenses;

Based on these alleged violations, Plaintiff now brings this class action to recover benefits, reimbursement, restitution, statutory penalties, and related relief on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This action was initially filed in the State of California, County of Santa Clara. Defendants subsequently removed this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), to the United States District Court for the Northern District of California on November 21, 2023.

3. Venue is proper in this Court pursuant to 28 U.S.C. section 1441(a) because the United States District Court for the Northern District of California, San Jose Division is the district and division embracing the place where the original state-court action was pending.

## PARTIES

4. Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant UNITED PARCEL SERVICE, INC. is, and at all relevant times mentioned herein, an Ohio corporation doing business in the State of California.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

Plaintiff will amend this complaint to allege the true names and capacities of the doe defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.

7. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

8. This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

9. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

> **Hourly Employee Class**: All persons employed by Defendants whether directly or indirectly through any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.
>
> > **Sick Pay Sub-Class:** All **Hourly Employee Class** members who were denied paid sick time by Defendants during the **Relevant Time Period**.
>
> **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.
>
> **Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

10. **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to

2
FIRST AMENDED CLASS ACTION COMPLAINT

particular issues.

11. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

12. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

   i. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

   ii. Whether Defendants failed to provide sick pay;

   iii. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

13. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

14. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to or otherwise conflict with the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

15. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

16. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary

3
FIRST AMENDED CLASS ACTION COMPLAINT

1  duplication of effort and expense that numerous individual actions would entail. In addition, the
2  monetary amounts due to many individual class members are likely to be relatively small and would
3  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.
4  Moreover, a class action will serve an important public interest by permitting class members to
5  effectively pursue the recovery of monies owed to them. Further, a class action will prevent the
6  potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. Plaintiff worked for Defendants as an hourly, non-exempt employee at all times during the applicable statutory period from approximately November 4, 2020, through approximately March 28, 2021.

### Sick Pay

18. Defendants had a policy and/or practice of disallowing Plaintiff or the putative class members to take paid sick time off.  -Plaintiff and the putative class members were informed that if they needed to take time off because they were sick, this would always be an unpaid day and/or noted as an unscheduled day of work.

19. As a result of this policy and/or practice, Plaintiff and the putative class members did not accrue or otherwise receive paid time off for sick days.

### Expense Reimbursement

20. Plaintiff and the putative class members were required to utilize their own personal cell phones to perform their job duties.  Specifically, Plaintiff and the putative class members had to use their cell phones to text drivers to find their locations.  Further, they had to use the GPS on their cell phones to navigate to each stop along their route as the Plaintiff and putative class were not provided with a GPS or other form directions.

21. Next, Plaintiff and the putative class members were required to wear masks during the COVID-19 pandemic, but Defendant did not provide the masks, so Plaintiff and the putative class members had to purchase them on their own.  Plaintiff and the putative class received text messages and other announcements from supervisors to not show up to work if they did not have a mask. Defendants did not reimburse this expense.

4
FIRST AMENDED CLASS ACTION COMPLAINT

22. Additionally, Plaintiff and the putative class were required to use their personal vehicles to meet other drivers at specified locations, to get on the trucks and begin their delivery routes, sometimes as far as two (2) hours away without reimbursement. These locations would change on a weekly basis.

23. Finally, Plaintiff and the putative class members were required to purchase steel-toed boots for which Defendants did not reimburse them. Plaintiff and the putative class were informed as part of the dress code that they would need to wear steel toed boots, but none were provided.

24. Plaintiff and the putative class members were not reimbursed for business expenses incurred in using their personal cell phones and vehicles in order to perform their job duties, or for purchasing masks and boots required by Defendants.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245 *et seq.*)

### (Plaintiff and Sick Pay Sub-Class)

25. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

26. Labor Code section 246(a)(1) states in pertinent part:

> An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section.

27. Labor Code section 246(b)(1) states in pertinent part:

> An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this section.

28. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Sick Pay Sub-Class** members paid sick days as required by Labor Code sections 245, *et seq.* during their employment when **Sick Pay Sub-Class** members were out due to covered reasons.

29. By reason of the above, Plaintiff and the members of the **Sick Pay Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of

1  the filing of the Complaint until the date of entry of judgment.

2  30.  Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Sick Pay Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO INDEMNIFY

## (Lab. Code § 2802)

## (Plaintiff and Expense Reimbursement Class)

31.  Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

32.  Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

33.  At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, purchasing steel toed boots and masks as a necessary condition of their employment as well as costs incurred for usage of their personal cell phones and vehicles for work related purposes.

34.  Plaintiff is informed and believes and thereupon alleges that any reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of their duties.

35.  Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

36.  At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

37. At all relevant times during the applicable limitations period, Defendants required Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at Plaintiff's and **Expense Reimbursement Class** members' expense. Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

38. Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

39. Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

40. Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6 and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

41. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

42. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

43. Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

44. Plaintiff, on behalf of herself and the **UCL Class** members, re-alleges and incorporates the FIRST and SECOND causes of action herein.

45. Plaintiff lost money and/or property as a result of the aforementioned unfair

competition.

46. Defendants have or may have acquired money by means of unfair competition.

47. Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 245 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

48. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

49. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

50. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200 *et seq*. Business and Professions Code sections 17200 *et seq.* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of herself and on behalf of similarly situated persons in a class-action proceeding.

51. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

52. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

53. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business

1 in the State of California that comply with their legal obligations.

2   54.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

55.   Accordingly, pursuant to Business & Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

56.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

57.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)   An order that the action be certified as a class action;

(2)   An order that Plaintiff be appointed class representative;

(3)   An order that counsel for Plaintiff be appointed class counsel;

(4)   Actual damages;

(5)   Liquidated damages;

(6)   Restitution;

(7)   Declaratory relief;

(8) Pre-judgment interest;

(9) Statutory penalties;

(10) Costs of suit;

(11) Reasonable attorneys' fees; and

(12) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: February 12, 2024             SETAREH LAW GROUP

*/s/ William M. Pao*
SHAUN SETAREH
WILLIAM M. PAO
Attorneys for Plaintiff
BRITTANY WYNN