UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRITTANY WYNN,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>   Defendant. | Case No. 23-cv-06044-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND IN PART; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE CLASS ALLEGATIONS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 25] |

Plaintiff Brittany Wynn brings three claims against Defendant United Parcel Service, Inc. ("UPS") related to her brief employment at UPS. ECF No. 22 ("FAC"). Defendant moves to both dismiss and strike class allegations for each of Plaintiff's claims. ECF No. 25 ("Mot."); ECF No. 35 ("Reply"). Plaintiff opposes the motion. ECF No. 29 ("Opp."). The Court held a hearing on July 18, 2024. For the reasons described below and on the record, Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND IN PART. Defendant's motion to strike class allegations is GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND.

**I. BACKGROUND**

Plaintiff's claims stem from her brief employment with UPS. Plaintiff alleges she "worked for Defendants as an hourly, non-exempt employee at all times during the applicable statutory period from approximately November 4, 2020, through approximately March 28, 2021." FAC ¶ 17. According to additional documentation submitted by Plaintiff, she worked five days in 2019 (December 9, 10, 12 13 and 16) and five days in 2020 (November 10, 11, 12, 13 and 30). *See*

1   ECF No. 31 (Plaintiff's payroll records).

2   Plaintiff's claims and proposed class bear a resemblance to another suit, *Augustine, et al. v.
3   United Parcel Service, Inc.,* Los Angeles Superior Court Lead Case No. BC636468, consolidated
4   with Case No. BC705672 ("*Augustine*" or "the *Augustine* Action"). In *Augustine*, the plaintiffs
5   alleged failure to reimburse business expenses for a class of UPS nonexempt package car drivers.
6   Mot. at 16; ECF No. 25-1 ("Brown Decl.") ¶¶ 3–11; ECF No. 26 ("RJN"), Exs. 1–4, and 5. The
7   *Augustine* parties agreed to settlement on October 30, 2023. RJN, Ex. 5 ("*Augustine* Settlement
8   Agreement"). On January 25, 2024, the *Augustine* court granted preliminary approval of a class
9   action and PAGA representative action settlement. RJN, Ex. 6 ("*Augustine* Order Granting
10  Preliminary Approval"). The preliminary approval order defined the settlement class as "all
11  California-based hourly, non-exempt package car delivery drivers, excluding drivers using
12  personal vehicles to deliver packages for UPS," from at least May 22, 2014 to January 25, 2024.
13  *Id.* at 5. The settlement includes a class-wide release, which releases "all claims [during the class
14  periods] that were alleged, or reasonably could have been alleged, based on the facts stated in the
15  operative Complaint…. This includes but is not limited to … all claims for the alleged failure to
16  indemnify and/or reimburse employees for any business expenses …." Brown Decl. ¶ 11;
17  *Augustine* Settlement Agreement ¶ 5.2. The parties do not appear to dispute that Plaintiff is not a
18  member of the *Augustine* class. *See* Opp. at 7; Reply at 6.

19  **II.    LEGAL STANDARD**

20  **A.    Article III Standing**

21  A party may challenge the court's subject matter jurisdiction by bringing a motion to
22  dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack
23  may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
24  In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from
25  the face of the complaint. *Id.*

26  "Standing is meant to ensure that the injury a plaintiff suffers defines the scope of the
27  controversy he or she is entitled to litigate." *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir.
28  2015) (emphasis omitted). "[T]he 'irreducible constitutional minimum' of standing consists of

three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

### B. Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); N. *Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### C. Motion to Strike Class Allegations

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v.*

1  *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Although class allegations may be stricken at
2  the pleading stage, "motions to strike class allegations are generally disfavored because 'a motion
3  for class certification is a more appropriate vehicle.'"  *Lyons v. Coxcom, Inc.*, 718 F.Supp.2d 1232,
4  1235–36 (S.D. Cal. 2009) (quoting *Thorpe v. Abbott Lab., Inc.*, 534 F.Supp.2d 1120, 1125 (N.D.
5  Cal. 2008)).  "Before a motion to strike is granted . . . the court must be convinced that any
6  questions of law are clear and not in dispute, and that under no set of circumstances could the
7  claim or defense succeed."  *Erceg v. LendingClub Corp.*, 475 F.Supp.3d 1071, 1075 (N.D. Cal.
8  2020).  "Given their disfavored status, courts often require 'a showing of prejudice by the moving
9  party' before granting the requested relief."  *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F.Supp.2d
10 1102, 1106 (C.D. Cal. 2008) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101,
11 1152 (C.D. Cal. 2003)).  "In determining whether to grant a motion to strike, a district court views
12 the pleadings in a light most favorable to the non-moving party."  *Id.*

### III.  DISCUSSION

Defendant moves both to dismiss and strike the class allegations for each of Plaintiff's three claims.  Defendant also seeks judicial notice of several exhibits in support of its motion.  The Court addresses Defendant's request for judicial notice, then each claim in turn.

#### A.  Judicial Notice

Defendant requests the Court take judicial notice of fifteen exhibits.  ECF No. 26.  Plaintiff objects to Defendant's request as to Exhibits 7–11, which correspond to certain collective bargaining agreements ("CBAs"), arguing that "Plaintiff has not seen the CBAs at issue before, and the CBAs themselves were not in effect during Plaintiff's employment."  ECF No. 30.  Plaintiff does not object to judicial notice of the other exhibits.

A court generally cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

4

1  resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  A court
2  may additionally take judicial notice of "'matters of public record' without converting a Motion to
3  Dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th
4  Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Under
5  the incorporation by reference doctrine, courts may consider documents "whose contents are
6  alleged in a complaint and whose authenticity no party questions, but which are not physically
7  attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986
8  (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in
9  original).

10  Defendant does not dispute, and the Court agrees, that the CBAs are not at issue because
11  they were not in effect during Plaintiff's employment.  Thus, the Court DENIES Defendant's
12  request for judicial notice as to Exhibits 7–11, and GRANTS Defendant's request for judicial
13  notice as to Exhibits 1–6 and 12–15.  The Court does not take notice of the truth of any of the facts
14  asserted in these documents.

15  **B.  Claim One: Sick Leave**
16  Plaintiff's first claim is for Failure to Pay Sick Time under California Labor Code §§ 246
17  *et seq.*  Defendant moves to dismiss the claim, arguing that Plaintiff does not have standing
18  because she never asked to take a sick day, and that a CBA exemption precludes suit.  Mot. at 11–
19  14.  Plaintiff responds that "[her] allegations obviously lead to an inference that during her
20  employment, Plaintiff attempted to take a sick day which was denied." Opp. at 2.  Plaintiff also
21  submits payroll documents as Exhibit 1 to her opposition.  *Id.* at 7; ECF No. 31.  UPS replies that
22  the payroll documents show Plaintiff only worked ten days for UPS, and is thus not eligible to
23  bring a claim under § 246.  Reply at 5–6.
24  California Labor Code § 246(a)(1) states in relevant part, "[a]n employee who, on or after
25  July 1, 2015, works in California for the same employer for 30 or more days within a year from
26  the commencement of employment is entitled to paid sick days as specified in this section."  The
27  First Amended Complaint alleges only a time period when Plaintiff was employed, not the number
28  of days worked.  Also, the exhibit provided by Plaintiff only shows that she worked ten days.  As

1    such, Plaintiff has not alleged that she worked more than 30 days, and thus has not alleged that she
2    qualifies for sick pay under § 246.  Thus, the Court GRANTS Defendant's motion to dismiss
3    Claim One WITH LEAVE TO AMEND.  Specifically, Plaintiff must allege she worked "30 or
4    more days within a year from the commencement of employment" to be eligible for sick pay under
5    § 246.  Because the Court dismisses the claim on this ground, it need not address Defendant's
6    other arguments and DENIES Defendant's motion to strike class allegations for Claim One AS
7    MOOT.

   **C.   Claim Two: Reimbursement**

9    Plaintiff's second claim is for Failure to Indemnify under California Labor Code § 2802.
10   Defendant argues that Plaintiff does not have standing to bring the claim because she "fails to
11   allege that she ever requested a reimbursement that was denied." Mot. at 12.  Defendant also
12   argues that Plaintiff is precluded from bringing the claim by the court-approved settlement in the
13   *Augustine* matter.  *Id.* at 15–16.  Plaintiff responds that she does not need to allege a specific
14   request, only that she was not compensated for a mandatory expenditure.  Opp. at 3.  As to claim
15   preclusion, Plaintiff responds, "To the extent the *Augustine* class overlaps with Plaintiff's
16   proposed class period, the proper remedy is to treat Plaintiff's class period as beginning from the
17   first date outside of the *Augustine* period, which is January 26, 2024." *Id.* at 7.
18   The Court first examines Ms. Wynn's claims, then the class allegations.  "Under the plain
19   language of Labor Code § 2808 a plaintiff need only allege facts showing they were not
20   compensated for a mandatory expenditure." *Fenton v. McLane/Suneast, Inc*, No. 5:16-cv-01162-
21   SVW-(SPx), 2016 WL 11746002, at *4 (C.D. Cal. Aug. 22, 2016).
22   Here, Plaintiff alleges expenses including but not limited to steel toed boots, uniforms,
23   masks, personal cell phones, and vehicles for work related purposes.  FAC ¶ 33, 37.  As discussed
24   on the record, for most expenses, Plaintiff has not sufficiently alleged that she incurred any of
25   these expenses as a condition of her employment.  For example, Plaintiff does not allege the
26   expenses incurred for a uniform or boots, circumstances that required use of GPS on her cell
27   phone, or that she was ever required to drive for her job (and has otherwise alleged only ordinary
28   commute expenses).  The only reimbursement Plaintiff has plausibly alleged she was entitled to

1    was for cell phone to communicate with management. *Id.* ¶ 20–21.  Thus, for these reasons and
2    those described on the record, the Court DENIES Defendant's motion to dismiss Claim Two for
3    reimbursement for a phone to communicate with management, and GRANTS Defendant's motion
4    to dismiss Claim Two for all other alleged expenses WITH LEAVE TO AMEND.

5          Plaintiff's class allegations are more complicated and problematic, particularly in light of
6    the *Augustine* settlement.  The parties do not dispute that the *Augustine* settlement covers class
7    periods, beginning at least on May 22, 2014 and ending January 25, 2024.  Mot. at 15; Opp. at 7.
8    Plaintiff seeks leave to "amend her complaint to exclude those class members of the *Augustine*
9    class, and narrow her proposed class period to begin on January 26, 2024 for the expense
10   reimbursement claim." Opp. at 7.  But at the hearing, Plaintiff's counsel had few answers as to the
11   extent with which *Augustine* limits the class allegations.  Furthermore, as discussed on the record,
12   Plaintiff's proposed reimbursement class of "All persons employed by Defendants in California
13   who incurred business expenses during the Relevant Time Period" is far too broad.  As such, for
14   these reasons and those described on the record, the Court GRANTS Defendant's motion to strike
15   class allegations for Claim Two WITH LEAVE TO AMEND.

16         Finally, as discussed on the record, the Court directs counsel to conduct a thorough
17   investigation before amending pursuant to Federal Rule of Civil Procedure 11, both with respect to
18   Ms. Wynn's individual claims and the class allegations.

19         **D.**    **Claim Three: UCL**

20         Plaintiff's third claim is for violation of California's Unfair Competition Law (Bus. &
21   Prof. Code §§ 17200 *et seq.*, "UCL") predicated on Claim One and Claim Two.  Defendant argues
22   that Plaintiff does not have standing to seek injunctive relief under the UCL.  Plaintiff responds
23   that the UCL claim should survive because she seeks restitution for harms under Claims One and
24   Two.  Opp. at 8.

25         Only current employees have standing to seek injunctive relief against their employer's
26   employment practices.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011).  Since
27   Plaintiff is not currently employed by UPS, she has no claim for injunctive relief.  Furthermore,
28   any restitution sought by Plaintiff is duplicative of damages available under Claims One and Two.

1  Thus, the Court finds that it does not have equitable jurisdiction to hear Plaintiff's UCL claim.

2  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guzman v. Polaris Indus.*

3  *Inc.*, 49 F.4th 1308 1314–15 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*,

4  143 S. Ct. 2612 (2023). Accordingly, the Court GRANTS Defendant's motion to dismiss Claim

5  Three WITHOUT LEAVE TO AMEND. Because the Court dismisses Claim Three, it DENIES

6  Defendant's motion to strike class allegations for Claim Three AS MOOT.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion for judicial notice is DENIED as to Exhibits 7–11, which correspond to collective bargaining agreements. Defendant's motion is GRANTED as to the other exhibits (1–6 and 12–15).

2. Defendant's motion to dismiss Claim One is GRANTED WITH LEAVE TO AMEND. Defendant's motion to strike Plaintiff's class allegations for Claim One is DENIED AS MOOT.

3. Defendant's motion to dismiss Claim Two is GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND. Defendant's motion to strike Plaintiff's class allegations for Claim Two is GRANTED WITH LEAVE TO AMEND.

4. Defendant's motion to dismiss Claim Three is GRANTED WITHOUT LEAVE TO AMEND. Defendant's motion to strike Plaintiff's class allegations for Claim Three is DENIED AS MOOT.

Any amended complaint shall be filed no later than 30 days from the entry of this order. Plaintiff may only amend consistent with this order. No additional claims or parties may be added without leave of the Court.

Dated: July 26, 2024

_____
BETH LABSON FREEMAN
United States District Judge